## CIRCUIT COURT OF WASHINGTON COUNTY

Christopher Lee Lewis

v.

Roger A. Glover, Jr., et al.

June 2, 1983

Case No. 2856

By JUDGE CHARLES B. FLANNAGAN, II

This matter is currently before the court on the defendant Dr. Glover's motion to strike paragraph VII of the amended motion for judgment. Defendant Glover contends that the Notice of Claim of Medical Malpractice, given pursuant to the Code of Virginia, § 8.01-581.2, gave notice of a claim for medical malpractice occurring prior to the time of the infant's birth, whereas, paragraph VII of the amended motion for judgment makes a claim based on acts of malpractice occurring subsequent to the infant's birth, specifically, negligence in resuscitation efforts on the infant.

On March 7, 1983, the court entered an order permitting the amended pleading. However, at the time of the entry of that order, counsel for defendant Glover appeared and orally objected to the amendment on the grounds now cited. The court ruled that the amendment would be allowed, but that defendant Glover would be permitted to raise the issue by formal pleadings. Subsequently, defendant Glover filed a motion to strike paragraph VII, which motion was argued on May 19, 1983.

The Code of Virginia § 8.01-581.2 provides that no action may be brought for medical malpractice unless the claimant notifies the Health Care Provider in writing of his claim prior to commencing the action. Specifically, that Code Section requires that "the written notification

shall include the time of the alleged malpractice and a reasonable description of the act or acts of malpractice."

In the case at bar, the Notice of Claim of Medical Malpractice given to defendant Glover details the acts complained of, stating precise times of occurrences. The negligence detailed in the notice ranges from inadequate prenatal office treatment to failure to give adequate attention between the time of the mother's admission to the hospital and the time of a forceps delivery of the infant claimant:

> who had by that time sustained irreversible brain damage caused by placental insufficiency and other related, complicating conditions, *all of which resulted from the failure of the Hospital and Dr. Glover to provide proper medical care and treatment to Mrs. Lewis and her unborn child.* Notice of Claim, p. 3. (Italics added.)

The court is of the opinion that the Notice given did not provide a reasonable description of a claim that defendant Glover was negligent in failing to provide "proper and effective resuscitation" to the infant and plaintiff is not in compliance with Section 8.01-581.2 of the Code. Accordingly, defendant Glover's motion to strike paragraph VII of the amended Motion for Judgment will be granted.